UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SIMON ZAROUR,                 14-cv-06261-NLH-AMD

       Plaintiff,             **OPINION**

  v.

JPMORGAN CHASE BANK, N.A.,

       Defendant.

**APPEARANCES**:

TOMAS ESPINOSA
8324 KENNEDY BLVD.
NORTH BERGEN, NJ 07047
    On behalf of Plaintiff

BRIAN PETER SCIBETTA
RICHARD P. HABER
BUCKLEY MADOLE, P.C.
99 WOOD AVENUE SOUTH, SUITE 803
ISELIN, NJ 08830
    On behalf of Defendant

**HILLMAN, District Judge**

Pending before the Court is the motion of Defendant, JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), to dismiss the complaint of plaintiff, Simon Zarour. Zarour claims that Defendant, as mortgagee of his property, should have force-placed flood insurance on his home, which was significantly damaged in Superstorm Sandy, when plaintiff lapsed on his own coverage. For the reasons expressed below, Defendant's motion will be granted, and the matter dismissed for lack of subject

matter jurisdiction.

## BACKGROUND & DISCUSSION

According to Plaintiff's complaint, Plaintiff is the owner of a home located at 32 Ocean Avenue, Monmouth Beach, New Jersey (the "Property"). Chase is the mortgagee on the Property. The Property was designated by FEMA as located in Zone VE, which is a flood-prone area requiring flood insurance. Chase did not purchase or force-place a flood insurance policy on the Property, and Plaintiff failed to maintain this type of insurance on the Property himself. On October 29, 2012, Superstorm Sandy made landfall in New Jersey and caused significant damage to the Property in excess of $600,000. The damage incurred by the Property was not covered by flood insurance.

Plaintiff asserts a claim of negligence against Chase for its purported failure to ensure that the Property had sufficient insurance coverage in accordance with federal law. Plaintiff also asserts a breach of contract claim against Chase for violating the terms of the mortgage, which he alleges necessarily included any and all obligations of a mortgagee imposed by federal law. Plaintiff seeks compensatory damages in the combined amount of $1,500,000, in addition to consequential and punitive damages, and attorneys' fees.

Chase has moved to dismiss Plaintiff's complaint, arguing

that there is no private right of action under the Flood Disaster Protection Act of 1973 ("FDPA"), and its related regulations, including the National Flood Insurance Act of 1968 ("NFIP"), 42 U.S.C. § 4001-4129, and Plaintiff's state law claims based on alleged conduct that would constitute a violation of the FDPA and its related regulations are preempted by the FDPA.  Chase also argues that Plaintiff has not pled the requisite elements of claims for negligence or a breach of contract, and those claims fail as a matter of law.[1]

Plaintiff originally filed his complaint in this Court, claiming that subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000. Plaintiff also asserted that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 because "claims presented in this Complaint will require the interpretation of Federal law and Regulations."  (Compl. ¶ 3.)

Plaintiff, however, has not specifically asserted claims against Chase for violation of federal law.  Plaintiff does not

---

[1] After briefing was completed on Chase's motion to dismiss, the matter was placed on the Master Docket that was created for "Write Your Own" flood insurance carrier cases arising out of properties flooded by Superstorm Sandy, and stayed for a period of time.  It was eventually determined that this case was erroneously associated with the Master Sandy docket, and the matter was removed from the Master Sandy docket and reactivated.

allege that Chase directly violated the FDPA, and in opposition to Chase's motion to dismiss, Plaintiff does not dispute that he cannot assert a private cause of action under the FDPA, as pointed out by Chase in its motion.[2]  Instead, Plaintiff contends that Chase acted negligently and breached the parties' mortgage contract[3] by not force-placing flood insurance on his property in violation of state law, even though that requirement arises under the FDPA.  Based on Plaintiff's contention that his claims are grounded on state law, Plaintiff asks that his claims be dismissed without prejudice so he can replead them accordingly.

Chase argues that Plaintiff's state law claims implicate the FDPA, and they are therefore preempted by federal law and barred.  As a result, Chase argues that the dismissal of Plaintiff's claims should be with prejudice, because even though Plaintiff wishes to pursue state law claims, he has not, and

---

[2] See Psychiatric Solutions, Inc. v. Fidelity National Property and Casualty Ins. Co., 652 Fed. Appx. 122, 125 (3d Cir. June 16, 2016) (explaining that Third Circuit precedent stands for the proposition that both state contract claims and state claims sounding in tort but intimately related to the disallowance of an insurance claim are preempted under the NFIP (quotations and citations omitted)); Oates v. Wells Fargo Bank, N.A., 880 F. Supp. 2d 620, 624 (E.D. Pa. 2012) ("Congress did not expressly confer a private right of action in the FDPA.  And courts that have considered the issue have concluded that no private right of action exists.").

[3] Plaintiff refers to ¶ 5 of the mortgage, which provides, "If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage at Lender's option and Borrower's expense."  (Compl. ¶ 23, Docket No. 1 at 6.)

4

cannot, articulate how those claims would not implicate the FDPA.

Before substantively addressing the parties' arguments, however, the Court must firmly establish subject matter jurisdiction. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (providing that federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation). As noted above, Plaintiff premises subject matter jurisdiction over his case on both § 1331 and § 1332. Because it is undisputed that Plaintiff's claims either do not allege, or cannot allege, violations of federal law, subject matter jurisdiction under § 1331 is lacking.

With no federal claims, and no jurisdiction under § 1331, two other bases for subject matter jurisdiction potentially exist – 28 U.S.C. § 1367(a) or § 1332. Under § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A district court may decline to exercise supplemental jurisdiction over a claim under subsection (a), however, if (1) the claim raises a novel or complex issue

5

of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  Id. § 1367(c).

Section 1367(a) is typically implicated when a plaintiff has advanced both federal law claims and state law claims, there is no basis for subject matter jurisdiction other than under § 1331, and the federal claims are dismissed or otherwise fall out of the case.  In that situation, a court must determine whether to continue exercising supplemental jurisdiction over the state law claims by assessing various factors.  See Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997) ("Depending on a host of factors, then - including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims - district courts may decline to exercise jurisdiction over supplemental state law claims.").

Here, Plaintiff's federal claims and state law claims are currently one-in-the-same.  Plaintiff's negligence and breach of contract claims are based on Chase's purported breach of its obligation under federal banking regulations to provide flood

6

insurance if a mortgagor fails to maintain insurance for himself.  As currently pleaded, those claims are not maintainable.  With those claims dismissed from the case, no other state law claims remain.  Thus, § 1367(a) is inapplicable – the Court cannot continue to exercise supplemental jurisdiction over claims that do not exist.

Plaintiff has not formally sought leave to amend his complaint to replead his claims so that they do not impermissibly implicate federal law.  See Fed. R. Civ. P. 15.  Plaintiff only asks that his claims be dismissed without prejudice so he can do so.  It is unclear whether Plaintiff's request presumes that he may replead his claims in this current action.  The only way that would be possible is if another basis for subject matter jurisdiction exists.

Plaintiff claims that jurisdiction over this action can be premised under § 1332.  In his complaint, Plaintiff avers the following as to the parties' citizenship:

> 5. Plaintiff is an individual who was, and still is, the owner of 32 Ocean Avenue, Monmouth Beach, New Jersey (hereinafter, the "Property"), and has been at all times material to the allegations set forth in this Complaint.
>
> 6. The Defendant, JPMorgan Chase Bank, N.A., is a foreign corporation registered to do business in New Jersey and with main place of business at JP Morgan Chase & Co. (The Corporation Trust Company, Service of process agent) 120 Bear Tavern Road, West Trenton, NJ 08628. Defendant holds, and has at all times relevant hereto held, a mortgage on the Property.

(Docket No. 1 at 4.)

    Neither Plaintiff's nor Chase's citizenship is properly pleaded.  Plaintiff must plead his state of citizenship, not merely his status as the owner of a property located in a particular state, or his use of that property as a residence.  See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning."); Vanz, LLC v. Mattia & Associates, 2016 WL 3148386 (D.N.J. June 1, 2016) (citing Zambelli, 592 F.3d at 418; Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000)) ("The citizenship of a natural person is determined by their domicile, not their residence(s).  That is because a natural person may have many residences, but only one domicile.  Domicile is the location of a person's true fixed home . . . to which, whenever he is absent, he has the intention of returning."); Witasick v. Hambrecht, 2013 WL 1222680, at *2 (D.N.J. Mar. 25, 2013) (citing Williamson v. Osenton, 232 U.S. 604, 614 (1914)) ("[A]n individual may only have one domicile, and thus may only be a citizen of one state for diversity jurisdiction purposes. Residence and domicile are not the same for legal purposes, as residency alone does not establish citizenship.").

Similarly, the citizenship of Chase must be properly pleaded. Chase's corporate disclosure statement reveals that JPMorgan Chase Bank, N.A., is a national banking association and a wholly owned subsidiary of JPMorgan Chase & Co. (Docket No. 5.) A national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 307 (2006) (citing 28 U.S.C. § 1348). Plaintiff's complaint does not provide the location of Chase's main office and thereby aver Chase's citizenship.

Based on the foregoing, the matter currently stands as follows: Plaintiff's claims implicate federal law, and those claims serve as the basis for subject matter jurisdiction under § 1331. Those claims as pleaded must be dismissed because Plaintiff cannot maintain a cause of action, no matter how it is styled, based on violations of the FDPA. They are the only claims in Plaintiff's complaint, and no other claims remain over which the Court may assert supplemental jurisdiction under § 1367(a). There is no pending motion for leave to file an amended complaint to reassert viable claims, but even if there were, subject matter jurisdiction under § 1332 is lacking as currently pleaded.

Thus, in addition to the lack of current or proposed state law-based claims for the Court to assess, subject matter

9

jurisdiction over this matter has not been established. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." Thomas v. Board of Trustees, 195 U.S. 207, 211 (1904), quoted in Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977) (affirming the district court's sua sponte dismissal of a complaint for lack of subject matter jurisdiction under § 1332 despite the failure of any party to address the question of jurisdiction). Consequently, the Court must dismiss the complaint, without prejudice, for lack of subject matter jurisdiction.

    An appropriate Order will be entered.

Date:   February 21, 2017          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.